[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: MOTION TO REOPEN 
The defendant[1] was adjudged to be the father of the parties three minor children after an evidentiary hearing at which both parties were present and represented by competent counsel. In addition to entering a judgment of paternity, the court also entered certain orders concerning custody and visitation.
The plaintiff has moved to reopen the judgment. She asserts that the parties were not given notice that the case would proceed to final judgment during the subject hearing and that, because a final judgment was entered, she would have to show a substantial change in circumstances in order to obtain a modification of the custody and visitation orders that were entered.
There is no dispute that Mr. Red is the biological father of the children. Both parties alleged that fact in their complaints, and neither has disputed it. Accordingly, the entry of a judgment of paternity was CT Page 15343 correct in light of the facts and the relevant law concerning paternity.
Nevertheless, Ms. Young is entitled to a complete trial on the issues of custody, visitation, and support. If there is any possibility that a future court examining the file might conclude that this judgment was final for all purposes, thereby requiring the plaintiff to show a substantial change in circumstances to secure a modification, the plaintiff would be denied her opportunity for full access to the courts. The ministerial convenience of having judgment entered concerning an undisputed fact is not of sufficient importance to overcome the plaintiff's rights to have the other issues litigated without the possible imposition on her of an additional burden.
For the foregoing reasons, the judgment of paternity is opened and vacated. The parties will arrange for a status conference with the court to determine when trial might occur and what interim steps will be required.
Orders will enter accordingly.
BY THE COURT,
GRUENDEL, J.